[No. 10608–0–III.   Division Three.   June 4, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM JIM RAYMER, *Appellant.*

---

*John A. Troberg,* for appellant.

*Allen C. Nielson, Prosecuting Attorney,* for respondent.

GREEN, C.J.—William J. Raymer was convicted of possession and delivery of a controlled substance. RCW 69.50-.401(a)(1)(ii), (e). He appeals.

Two issues are presented: (1) Did the court err in admitting a videotape of the transactions? (2) Was it error for the court to admit a 1976 conviction for possession of marijuana? We affirm.

Gary Townsend and Marjorie Gray were undercover informants for a drug task force operating in Okanogan and Ferry Counties. Deputy Sheriff Daniel Davis, their supervisor, supplied them with money for drug purchases and with a micro video camera to photograph drug buys and to identify targeted drug suspects. The camera, which did not record sound, was concealed in an AM/FM cassette deck at the residence of Mr. Townsend and Ms. Gray. They were instructed to turn the camera on when a drug transaction was imminent.

Mr. Townsend met Mr. Raymer while they were employed at a logging job. Mr. Raymer was suspected of drug involvement after he asked Mr. Townsend if he had any "white stuff". About May 12, 1989, Mr. Raymer approached Mr. Townsend and Ms. Gray at a tavern and remarked that he had some marijuana "to get rid of". The three of them drove to the trailer where Mr. Townsend and Ms. Gray resided. When they arrived, Mr. Townsend

turned on the microcamera and taped Mr. Raymer measuring marijuana into small baggies. Mr. Townsend and Ms. Gray were given one of the baggies which they purchased on credit. On May 16, Mr. Raymer went to the trailer and unknown to him was videotaped laying out three bags of marijuana in exchange for money.

A supplemental information charged Mr. Raymer with delivery of the marijuana on May 12 and 16, and one count of possession of less than 40 grams of marijuana at the time of his arrest. Mr. Raymer's motion to suppress the videotape of the May 12 and 16 transactions was denied. At trial the jury was allowed to view the videotape. Mr. Townsend and Ms. Gray testified regarding the videotaped events and stated they gave the marijuana they received from Mr. Raymer to Deputy Davis.

At the close of the State's case, Mr. Raymer moved to exclude evidence of his prior 1976 conviction for possession of marijuana. Since he was claiming the defense of entrapment, the motion was denied on the basis the conviction was relevant to show Mr. Raymer's predisposition to deliver marijuana. Mr. Raymer admitted possession of less than 40 grams of marijuana at the time of his arrest, but denied delivering marijuana to Mr. Townsend and Ms. Gray on May 16. He admitted delivering marijuana on May 12, but claimed the defense of entrapment. A jury found Mr. Raymer guilty on all three counts. This appeal follows.

First, Mr. Raymer contends the court erred in allowing the jury to view the videotape. He argues RCW 9.73 prohibits nonconsensual recording of private conversations by electronic device and he contends a micro video camera with an attached TV monitor is an electronic device under this statute.[1] RCW 9.73.030(1)(b). Consequently, he concludes, the court erred. We disagree.

---

[1] In ruling RCW 9.73 did not apply to videotapes, the court stated: "[I]t seems to me that the statute does not refer to videos. It refers to private communications transmitted by telephone, telegraph, radio. I think it might conceivably be that if it was a conversation that you were attempting to show the transmission of by the videotape, maybe by reading lips or something of that nature, in that kind

RCW 9.73 prevents intrusion into the privacy of parties to a conversation. *State v. Grant,* 9 Wn. App. 260, 265, 511 P.2d 1013, *review denied,* 83 Wn.2d 1003 (1973), *cert. denied,* 419 U.S. 849 (1974). Except in identified circumstances, it is unlawful to intercept or record any

> *[p]rivate conversation, by any device electronic* or otherwise designed to record or transmit such conversation regardless how the device is powered or actuated without first obtaining the consent of all the persons engaged in the conversation.

(Italics ours.) RCW 9.73.030(1)(b). Information obtained in violation of this statute is inadmissible in a criminal proceeding. RCW 9.73.050. Statutes should be construed to effect their purpose. *State v. Fjermestad,* 114 Wn.2d 828, 835, 791 P.2d 897 (1990). Statutory terms are given their ordinary and usual meaning. *State v. Forrester,* 21 Wn. App. 855, 861, 587 P.2d 179 (1978), *review denied,* 92 Wn.2d 1006 (1979).

While RCW 9.73 prohibits the use of electronic eavesdropping devices to record or transmit private conversations, it does not expressly prohibit the soundless recording of conduct on videotape. Police officers have long availed themselves of photographic and visual surveillance techniques. *State v. Jamison,* 93 Wn.2d 794, 613 P.2d 776 (1980); *State v. Fore,* 56 Wn. App. 339, 783 P.2d 626 (1989), *review denied,* 114 Wn.2d 1011 (1990); *Mark v. Williams,* 45 Wn. App. 182, 724 P.2d 428, *review denied,* 107 Wn.2d 1015 (1986); *State v. Ludvik,* 40 Wn. App. 257, 698 P.2d 1064 (1985). The soundless recording of conduct is not prohibited by the statute. There was no error.

Second, Mr. Raymer contends the court erred in admitting evidence of his 1976 conviction for possession of marijuana. He asserts the prior crime "scarcely proves" his predisposition to commit drug–related crimes and is irrelevant. We need not reach this issue as we find the error, if any, was harmless.

---

of a context, conceivably that could be considered to fall within the statute. There's no indication of that here . . .".

The test for harmless error is whether, within reasonable probabilities, the error materially affected the outcome of the trial. *State v. Crenshaw*, 98 Wn.2d 789, 800, 659 P.2d 488 (1983). Evidence of Mr. Raymer's guilt was strong. He testified his wife disapproved of drug use and, therefore, he used the trailer as a place to break up the marijuana into baggies. He admitted he raised marijuana plants in his backyard and that he sold marijuana to the informants on May 12. Mr. Townsend testified and his testimony was corroborated by Ms. Gray that Mr. Raymer approached him and told him he had some "weed to get rid of". Mr. Raymer was videotaped twice as he made up his bags to sell. Deputy Davis testified he received two baggies of marijuana from the informants which they stated was purchased from Mr. Raymer. Since there was no clear and definitive evidence of entrapment, admission of Mr. Raymer's prior conviction did not materially affect the outcome.

Affirmed.

MUNSON and THOMPSON, JJ., concur.