[No. 32659-7-I.   Division One.   April 18, 1994.]

STEVEN HAYMOND, *Appellant*, v. THE DEPARTMENT OF LICENSING, *Respondent*.

*Brent Zadorozny,* for appellant.

*Christine O. Gregoire, Attorney General,* and *James T. Schmid, Assistant,* for respondent.

BECKER, J. — A police officer arrested Steven Haymond for driving while intoxicated (DWI). Haymond refused to submit to a breath test. The Department of Licensing (DOL) accordingly revoked Haymond's driver's license. Haymond appeals the Superior Court's judgment upholding the revocation.

A video camera, intended to make a video and audio recording of the encounter between Haymond and the officer, malfunctioned and made a visual record only. The trial court was unable to find that Haymond had consented to the recording. The principal issue is whether the trial court, pursuant to RCW 9.73.030 of the Washington privacy act and *State v. Fjermestad,* 114 Wn.2d 828, 791 P.2d 897 (1990), should have excluded the officer's testimony about the traffic stop and field sobriety tests. We conclude that the trial court properly admitted this testimony and we affirm.

Officer Scott Hayward of the Bellevue Police Department stopped Haymond on southbound Interstate 405 near the Interstate 90 interchange in King County, Washington, and requested that Haymond submit to a breath test. Haymond refused. Officer Hayward administered field sobriety tests and arrested Haymond for driving while intoxicated. A video camera mounted in Officer Hayward's car recorded

the traffic stop, the administration of field sobriety tests, and Haymond's arrest. Unknown to Officer Hayward, the camera's audio recording mechanism malfunctioned, making the audio portion of the recording "garbled" and "inaudible" from start to finish.

Following the arrest, Officer Hayward submitted to DOL a completed report form indicating that Haymond had refused the breath test. After DOL revoked Haymond's driver's license, Haymond challenged the revocation and was tried before a 6-person jury.

Officer Hayward testified that at the beginning of his contact with Haymond, he advised Haymond he was being monitored by video and audio equipment. According to Officer Hayward, Haymond said he did not object to the recording. Haymond, however, testified that Officer Hayward never advised him of the recording and that he did not consent to a recording. The videotape was no help in resolving this conflict, and the trial court did not decide whose testimony — Haymond's or the officer's — was more credible.

Haymond moved to exclude Officer Hayward's testimony about the traffic stop and the field sobriety tests as well as the recording itself on the grounds that the testimony was obtained in violation of RCW 9.73.030. The court excluded the recording but allowed the testimony. The jury returned a verdict in favor of DOL, and Haymond filed this appeal.

RCW 9.73.030(1)(b) makes it unlawful for any person to intercept or record any

> [p]rivate conversation, by any device electronic or otherwise designed to record or transmit such conversation regardless how the device is powered or actuated without first obtaining the consent of all the persons engaged in the conversation.

In *Fjermestad*, the Supreme Court held:

> [W]hen an officer knowingly transmits a private conversation, without court authorization or without the consent of all the parties, any evidence obtained, including simultaneous visual observation and assertive gestures, is inadmissible in a criminal trial.

114 Wn.2d at 836.

In this case, the court concluded that the traffic stop and administration of field sobriety tests constituted a "private conversation" under RCW 9.73.030. The court granted the motion to exclude the video recording, stating "[t]he recording of the traffic stop and administration of field sobriety tests does not comply with RCW 9.73.030 because Mr. Haymond's consent was not recorded." With respect to the officer's testimony about his observations during the traffic stop and the administration of the field sobriety tests, however, the court denied the motion to exclude. The court distinguished *Fjermestad* because: (1) Officer Hayward's failure to obtain or record consent was unintentional; and (2) the recording did not occur in the context of an undercover police investigation.

Haymond agrees with the trial court's legal conclusion that the video camera recorded a "private conversation" and that the act therefore applies. He argues that the court's two grounds for distinguishing *Fjermestad* are unfounded in the purpose of the statute and the case law interpreting it.

█ This court can sustain the trial court's judgment on any theory established by the pleadings and supported by the proof, even if the trial court did not consider it. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989); *see State v. Kelley*, 64 Wn. App. 755, 764, 828 P.2d 1106 (1992) (citing *LaMon*). We need not decide whether the trial court's interpretation of the privacy act and *Fjermestad* is well founded, because a different inquiry resolves Haymond's appeal.

█ We hold, following *State v. Raymer*, 61 Wn. App. 516, 810 P.2d 1383, *review denied*, 117 Wn.2d 1022 (1991), that the privacy act does not apply to the operation of a video camera without an audible sound recording. In *Raymer*, an officer supplied undercover informants with a micro video camera to record drug transactions. The camera, concealed in a radio cassette deck at the informants' residence, did not record sound. *Raymer*, at 517.

The informants used this camera to record Raymer in the act of measuring out baggies of marijuana. In one transac-

tion, the camera videotaped Raymer laying out three bags of marijuana in exchange for money. Raymer contended that the trial court should have excluded the videotape because the camera with an attached television monitor was an electronic device under RCW 9.73.030(1)(b), requiring consent to record private conversations by such devices. This court affirmed the trial court's admission of the silent videotape, stating "[p]olice officers have long availed themselves of photographic and visual surveillance techniques. The soundless recording of conduct is not prohibited by the statute." (Citations omitted.) *Raymer*, 61 Wn. App. at 519.

"The soundless recording of conduct" aptly describes the video recording made by Officer Hayward. That he intended to produce an audio recording as well does not affect the result. The malfunctioning of the equipment did more than deprive DOL of proof as to consent; it removed the case altogether from the reach of the privacy act. A party to a conversation cannot record the conversation using an electronic device that does not work.[1]

Having decided that the videotape was not a recording within the privacy act, we need not address DOL's other arguments. We do not review the trial court's conclusion that the event recorded was a "private conversation". We do not examine the theory that *Fjermestad*'s exclusionary rule is limited to undercover investigations. And we do not decide whether the State can avoid *Fjermestad*'s exclusionary rule when the officer's failure to obtain recorded consent is inadvertent. Although the trial court should not have applied the act or *Fjermestad* to this case, the court

---

[1] Haymond points out that the privacy act makes it unlawful not only to "record" but also to "intercept", and he argues that Officer Hayward "intercepted" their conversation even if the officer did not "record" it.

Without a functioning recorder, all Officer Haymond did was participate in the conversation and remember it. Merely listening in on a conversation, without recording it, does not constitute an "interception" violating RCW 9.73.030(1) when the conversation is transmitted by telephone and, unknown to one party, overheard by a third party. *State v. Corliss*, 123 Wn.2d 656, 662, 870 P.2d 317 (1994). Certainly there can be no "interception" under the act where the conversation occurs face to face with no transmission at all.

properly admitted the officer's testimony regarding the traffic stop and field sobriety tests.

Haymond also contends DOL does not have jurisdiction over this case because the summary language in the report form that Officer Hayward submitted to DOL does not meet the requirements of RCW 46.20.308(6). Our recent decision in *Broom v. Department of Licensing*, 72 Wn. App. 498, 865 P.2d 28 (1994) disposes of this issue in favor of DOL. In *Broom*, we held that language identical to that in the report supplied by Officer Hayward was sufficient to inform DOL that the arresting officer complied with the requirements of RCW 46.20.308 and to confer jurisdiction on DOL.

We affirm the judgment against Haymond.

COLEMAN and AGID, JJ., concur.