111 P.3d 1213 (2005)
127 Wash.App. 54
CITY OF AUBURN, Petitioner,
v.
Edward KELLY, Respondent.
Nos. 53848-9-I, 53849-7-I, 54527-2-I.
Court of Appeals of Washington, Division 1.
April 18, 2005.
Publication Ordered May 12, 2005.
*1214 Daniel Heid, City of Auburn, Auburn, WA, for Appellant.
Donna McCrumb, Dawn Bettinger, The Law Office of Donna McCrumb PS, Auburn, WA, Andrea Robertson, Fox, Bowman & Duarte, Bellevue, WA, for Respondent.
SCHINDLER, J.
¶ 1 In these consolidated cases[1] video and audio recordings were made when Edward Kelly and Andrew De Waele were each separately stopped by Auburn police officers for driving while intoxicated. The police officers did not advise either Kelly or De Waele they were being recorded. The trial court suppressed testimony by the police officers about their observations and dismissed the charges against Kelly and De Waele because the officers did not comply with the requirements of a recently enacted provision of Washington's Privacy Act, RCW 9.73.090(1)(c). The superior court affirmed the municipal court, and the City of Auburn (City) appeals. The City contends the conversation between a police officer and a driver who is detained on a public road for suspicion of driving under the influence of alcohol (DUI) is not a private conversation covered by the Privacy Act, RCW 9.73, and did not violate RCW 9.73.090(1)(c). In Steven A. Lewis v. State Dep't of Licensing, 125 Wash.App. 666, 105 P.3d 1029 (2005) we held the Privacy Act only applies to private conversations and a conversation between a police officer and a driver who is stopped on a public road for suspicion of DUI is not a private conversation under RCW 9.73. We concluded that the Legislature's enactment of RCW 9.73.090(1)(c) did not expand the scope of the Privacy Act to cover these conversations. We reverse the superior court's decision to suppress the testimony of the police officer and dismiss the DUI charges against Kelly and De Waele.

FACTS
¶ 2 The facts in both cases are undisputed.

State v. Kelly
¶ 3 On November 15, 2002 at about 11:30 p.m., a uniformed Auburn police officer saw Edward Kelly's car fail to yield and nearly collide with another car after leaving a parking lot and entering traffic. The other car had to quickly decelerate to avoid a collision. The officer entered traffic behind Kelly's car and when the signal turned green, activated his overhead emergency lights to stop him for failing to yield. Kelly continued driving for several blocks and then stopped in the curb lane of a well-traveled public road in Auburn.
¶ 4 The officer immediately observed Kelly had red, bloodshot, watery eyes and smelled a strong and obvious odor of intoxicants. The officer asked Kelly if he had been drinking. Kelly said he had a few *1215 drinks. When the officer asked Kelly if his ability to drive was impaired by alcohol consumption, Kelly responded that it was not. Kelly agreed to submit to field sobriety tests, and walked with the officer to the sidewalk. Kelly had difficulty completing the tests. Based on his observation of Kelly's driving, decreased fine motor skills, inability to follow directions, and physical signs of intoxication, the officer believed Kelly's driving and ability to operate a motor vehicle were impaired and placed him under arrest. The officer advised Kelly of his Miranda[2] rights and transported him to the station.
¶ 5 At the station, the officer again advised Kelly of his Miranda rights, and Kelly signed the acknowledgment. The officer then read Kelly the implied consent warnings twice. Kelly refused to sign, stating he could not read without his glasses, and refused a breath test. The city of Auburn charged Kelly with DUI in violation of RCW 46.61.502.

State v. De Waele
¶ 6 On March 30, 2002 at approximately 2:00 a.m., an Auburn police officer saw De Waele's truck driving over 80 miles per hour for about a mile. The posted speed limit was 60 miles per hour. The officer saw the truck drift back and forth between two lanes, often driving down the center of the two lanes. As the truck approached an off-ramp, the officer stopped De Waele. The officer noticed a strong odor of intoxicants and asked if De Waele had consumed any alcohol. He said he drank two beers. The officer observed that De Waele had slurred speech and his eyes were bloodshot and watery. De Waele had trouble getting his license out of his wallet and dropped several pieces of paper. De Waele agreed to submit to field sobriety tests. De Waele performed a couple of tests inside the truck, and then the rest standing on the roadway. While doing so, the officer continued to smell the strong odor of intoxicants. De Waele performed poorly on the tests.
¶ 7 The officer advised De Waele that he was under arrest for driving under the influence and advised him of his Miranda rights. At the jail, De Waele was again advised of his Miranda rights. He read and signed the acknowledgement and waiver and also read and signed the implied consent warnings. De Waele refused a breath test. The city of Auburn charged De Waele with DUI in violation of RCW 46.61.502.
¶ 8 Audio and videotape equipment is installed in Auburn police vehicles. When Kelly and De Waele were each stopped, the videotaping equipment recorded their communications with the officers. The Auburn police officers did not advise either Kelly or De Waele that they were being recorded.
¶ 9 Prior to trial, Kelly and De Waele each moved to suppress evidence of the stops and dismiss the charges against them on the ground that the officers violated the Privacy Act by failing to advise them they were being recorded. Kelly and De Waele argued the court should suppress not only the tapes, but all evidence obtained while the tapes were recording, including the police officers' observations.[3] The municipal courts granted the motions to suppress and dismissed the DUI charges against Kelly and De Waele.
¶ 10 The City appealed and the superior court affirmed the municipal court decisions to dismiss the charges against Kelly and De Waele. The superior court concluded that the conversations between officers and drivers who are detained for suspicion of DUI are private conversations and are not exempt from the requirements of the Privacy Act. The court ruled that failure to advise Kelly and De Waele that they were being audio and videotaped violated RCW 9.73; the recordings were not excepted from the notice-advice requirements of RCW 9.73.030 through .080; the officers' failure to advise required suppression of all evidence gathered during the time the recording was made; and the municipal courts' dismissals were proper because the City had no admissible evidence to continue prosecution. We consolidated *1216 Kelly and De Waele and granted the City's request for discretionary review.

ANALYSIS
¶ 11 RALJ 9.1 governs review of the municipal courts' dismissal of the DUI charges against Kelly and De Waele. State v. Frank, 112 Wash.App. 515, 49 P.3d 954 (2002). We review the municipal court decisions for errors of law and to determine whether the factual findings are supported by substantial evidence.[4] The facts are undisputed and the only issue is a question of law.
¶ 12 Washington's Privacy Act, RCW 9.73.030,[5] prohibits intercepting or recording any private conversation or communication without consent.[6] Any information obtained in violation of the Privacy Act is inadmissible in court.[7] RCW 9.73.090 exempts law enforcement personnel from the requirements of the Privacy Act in certain situations.[8] RCW 9.73.090(1)(c) creates an exception for "[s]ound recordings that correspond to video images recorded by video cameras mounted in law enforcement vehicles."[9]
¶ 13 RCW 9.73.090(1) the general exemption, and RCW 9.73.090(1)(c), the in-car recording exception, state:
(1) The provisions of RCW 9.73.030 through 9.73.080 shall not apply to police, fire, emergency medical service, emergency communication center, and poison center personnel in the following instances:
....
(c) Sound recordings that correspond to video images recorded by video cameras mounted in law enforcement vehicles. All law enforcement officers wearing a sound recording device that makes recordings corresponding to videos recorded by video cameras mounted in law enforcement vehicles must be in uniform. A sound recording device which makes a recording pursuant to this subsection (1)(c) may only be operated simultaneously with the video camera. No sound recording device may be intentionally turned off by the law enforcement officer during the operation of the video camera.
No sound or video recording made under this subsection (1)(c) may be duplicated and made available to the public by a law enforcement agency subject to this section until final disposition of any criminal or civil litigation which arises from the incident or incidents which were recorded. Such sound recordings shall not be divulged or used by any law enforcement agency for any commercial purpose.
A law enforcement officer shall inform any person being recorded by sound under this subsection (1)(c) that a sound recording is being made and the statement so informing the person shall be included in *1217 the sound recording, except that the law enforcement officer is not required to inform the person being recorded if the person is being recorded under exigent circumstances. A law enforcement officer is not required to inform a person being recorded by video under this subsection (1)(c) that the person is being recorded by video.[10]
¶ 14 The general rule of the Privacy Act is that it applies only to "private" communications.[11] RCW 9.73.090 is a proviso limiting the circumstances in which the general rule of the statute applies.[12]
¶ 15 The City contends the trial court erred in deciding conversations between officers and drivers detained for suspicion of DUI are private conversations under the Privacy Act and in suppressing police officer testimony. We agree. In Lewis, 125 Wash. App. 666, 105 P.3d 1029, we held the requirements of the Privacy Act apply to private conversations and do not apply to conversations between a police officer and a driver stopped on a public road for suspicion of DUI. All the arguments Kelly and De Waele make to the contrary were squarely rejected and are controlled by our decision in Lewis. We reverse the superior court's decision to affirm the dismissal of the DUI charges in State v. Kelly and State v. De Waele and remand.
WE CONCUR: AGID and KENNEDY, JJ.
NOTES
[1] State v. Kelly and State v. De Waele were consolidated and also linked with Lewis v. State, Case No. 54101-3-I and State v. Higgins, No. 54527-2-I (Lewis v. State, 125 Wash.App. 666, 105 P.3d 1029 (2005).)
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] The City agreed to not use the in-car video recordings for the case in chief.
[4] RALJ 9.1(a)(b):

(a) Errors of Law. The superior court shall review the decision of the
court of limited jurisdiction to determine whether that court has committed any
errors of law.
(b) Factual Determinations. The superior court shall accept those factual determinations supported by substantial evidence in the record (1) which were expressly made by the court of limited jurisdiction, or (2) that may reasonably be inferred from the judgment of the court of limited jurisdiction.
[5] RCW 9.73.030(1)(a)-(b) provides:

(1) Except as otherwise provided in this chapter, it shall be unlawful for any individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions to intercept, or record any:
(a) Private communication transmitted by telephone, telegraph, radio, or other device between two or more individuals between points within or without the state by any device electronic or otherwise designed to record and/or transmit said communication regardless how such device is powered or actuated, without first obtaining the consent of all the participants in the communication;
(b) Private conversation, by any device electronic or otherwise designed to record or transmit such conversation regardless how the device is powered or actuated without first obtaining the consent of all the persons engaged in the conversation.
[6] RCW 9.73 prohibits audio recordings of private conversations, not photographs or video recordings. State v. Clark, 129 Wash.2d 211, 215 n. 1, 916 P.2d 384 (1996) (citing Haymond v. Dep't of Licensing, 73 Wash.App. 758, 761, 872 P.2d 61 (1994)).
[7] RCW 9.73.050.
[8] RCW 9.73.090(1).
[9] RCW 9.73.090(1)(c).
[10] Id.
[11] State v. Clark, 129 Wash.2d 211, 224, 916 P.2d 384 (1996) (citing Kadoranian v. Bellingham Police Dep't, 119 Wash.2d 178, 189, 829 P.2d 1061 (1992)).
[12] Lewis v. State Dep't of Licensing, 125 Wash. App. 666, 105 P.3d 1029 (2005).